UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THOMAS LEANO

                  Petitioner,

    -against-

UNITED STATES OF AMERICA,
-----------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 07-1678

**APPEARANCES:**

**For Petitioner:**
Thomas Leano, Pro Se
RDAP Unit 3
P.O. Box 1000
Lewisburg, PA 17837

**For Respondent:**
Loretta Lynch
United States Attorney, Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722
By: Nicole Boeckmann, AUSA

**HURLEY, Senior District Judge:**

        Petitioner Thomas Leano ("Petitioner" or "Leano") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence arising from a 2005 conviction in this Court. For the reasons set forth below, the motion is denied.

**Background**

        On January 18, 2005 Petitioner was indicted by a grand jury and charged with distribution of and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1) (C), to which he pled guilty on September 20, 2005, pursuant to a plea agreement.

In paragraph 4 of the plea agreement, Petitioner agreed not to "file an appeal or otherwise challenge the conviction or sentence in the event the Court impose[d] a sentence of 210 months or below." Paragraph 4 also provided that Petitioner "waives any right to additional disclosure from the government in connection with the guilty plea." When Petitioner appeared before Magistrate Judge Wall for the plea allocution on September 20, 2005 he admitted that in or about and between November 2003 and December 16, 2004 he knowingly and intentionally distributed and possessed with intent to distribute cocaine base. (Sept. 20, 2005 Tr. at 19-20.) At that time, Leano also filled out and signed a guilty plea questionnaire in which he acknowledged under oath that (1) he understood the charge to which he was pleading; (2) he read "each and every word"; (3) he had reviewed the plea agreement with his attorney; (4) he understood the agreement and each of its provisions; (5) he understood that he would not be able to challenge the conviction or sentence by appeal or otherwise if he were sentenced to 210 months or less; (6) his plea was voluntary; and (7) he was satisfied with the representation that his attorney had provided.

On April 21, 2006, Petitioner appeared before this Court for sentencing. At that time, the Court had the following colloquy with Leano:

> What I want to do, as I mentioned a moment ago, was make inquiry of you concerning one of the provisions in the plea agreement. Paragraph 4, that's numbered paragraph 4 of the plea agreement, in the first sentence reads as follows:
> "The defendant will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 210 months or below."
> Mr. Leano, every convicted defendant has a right to appeal, and in this case an appeal would go to the Second Circuit, at least in the first instance. That's a valuable right that a defendant has, convicted defendant, in other words, to challenge the propriety and

the legality of what transpired in court and have that reviewed by a
higher court. So that's one way a convicted defendant can attack
either his conviction and/or sentence.

Also, a defendant, a convicted defendant can – and you're a
convicted defendant because you took a plea – convicted defendant
has a right also to attack a conviction or sentence not by appeal, but
by what they call a collateral attack, and that would be, for
instance, some type of post sentence motion. One of the types of
applications that's often made is an application for a writ of habeas
corpus, which you might have heard that term. When a convicted
defendant mounts that type of attack on a conviction or sentence
the defendant is saying, for the reasons articulated, that one or
more of his or her constitutional rights was violated by the court
below and, accordingly, the conviction and/or sentence should not
stand, and that again is a valuable right that every convicted
defendant has. But like most rights or many rights, certainly, that
can be surrendered or given up.

Now, under this plea agreement, you will be giving up your right to
appeal or otherwise challenge your conviction or sentence should
the sentence I impose today include a period of incarceration of
210 months or below.

As I have indicated, this was gone into when your plea was taken
and it may very well be that you understood it. Again, out of
abundance of caution, I want to go over it with you a little more
specifically. Do you understand what I've said in that regard?

(April 21, 2006 Tr. at 8-10.) Leano, who was under oath responded "Yes, sir." (*Id.* at 10. ) The

Court then said to Leano: " All right. Under the circumstances, as I understand it, that provision

which is part of the plea agreement is acceptable to you?" Again Leano, who was under oath

responded "Yes, sir." (*Id.*)

A colloquy then followed regarding a letter the Court received from Leano:

Court: In your letter, very briefly, but you did indicate, I think it
was page nine, a comment about the - - or some level of
dissatisfaction with Mr. Singer, although I think that I may be
overstating it, it is what is it. What you wrote speaks for itself. But
Mr. Singer has said that he's discussed it with you and it's his
understanding at least that you'd like to proceed with him as your
attorney.

3

> One of the options that you would have is to make a motion to withdraw your plea. Whether that would be granted or not is another question, as you know. But that would be an option that you have, you could have the option to ask me to appoint another attorney. And if there's some reason that you and Mr. Singer can't function together consistent with your need for adequate representation, I certainly would entertain that and probably grant it. I wanted to make sure that you understand the various options. Against that backdrop, is it your intention or do you desire to continue with Mr,. Singer as your attorney?
>
> Defendant: Yes, I do want to continue with Mr. Singer. Thank You.
>
> Court: And then the next question is do you understand what I've said about making an application to withdraw your plea?
>
> Defendant : Yes.
>
> Court: . . . [A]nd what you'd like to do is proceed with this sentencing process? is that what you want to do today?
>
> Defendant: Yes, sir.

(Apr. 21, 2006 Tr. at 11-12.) The Court then accepted Leano's plea and proceeded to address the to objections to the Presentence Report ("PSR").

The PSR was prepared by the Probation Department on December 21, 2005. According to the PSR, Leano was accountable for 62 grams of cocaine base (PSR ¶¶ 35, 43.) Thus, pursuant to § 2D1.1(c)(4) of the Sentencing Guidelines Leano's base offense level was 32. Leano was given a three point reduction for acceptance of responsibility (PSR at 20) resulting in an offense level of 29 (PSR at 30). The PSR went on to discuss Petitioner's criminal history. Reporting (1) a 1995 conviction for criminal possession of a weapon in the third degree; (2) a 1998 conviction for attempted criminal sale of a controlled substance in the fifth degree; (3) and a July 2000 conviction for criminal possession of a controlled substance (with intent to sell) in

4

the Fifth Degree, the PSR calculated 8 criminal history points. (PSR at 22-24.) To those eight points were added three more criminal history points because the offense for which this Court was sentencing was committed (1) while Leano was on parole for the July 2000 conviction and (2) within two years of his release on a parole violation stemming from that sentence. (*Id.* at 24.) The total of 11 criminal history points established a criminal history category of V. (*Id.*) However, the PSR reported that Leano was a career offender pursuant to guideline 4B1.1 as he was at least eighteen when he committed the offense for which he was being sentenced, a controlled substance offense, and he had two prior felony convictions for controlled substance distribution offenses (referring to the 1998 and 2000 convictions) and therefore his criminal history category was VI. (*Id.* at 24-25.) With a base offense level of 29 and a criminal history category of VI, the PSR calculated the guideline range as 151 to 188 months. (*Id.* at 30.)

At the sentencing, Petitioner, his counsel and the government agreed that the amount of cocaine base actually attributed to Leano was 20 grams. (Apr. 21, 2006 Tr. at 15-16.) His offense level did not change, however, because his offense level stemmed from his status as a career offender as opposed to the drug weight.[1] Nonetheless, the Court inquired: "What effect would that [i.e. 20 grams of cocaine base] have on the advisory guideline range independent of the career offender situation?" The government responded "I believe that if he were not a career offender and he were responsible for 20 grams of cocaine base, his level would be a level 28." *Id.*

At sentencing, the government also agreed that in addition to the three point

---

[1] Under guideline 4B1.1(b), the offense level for a career offender being sentenced for an offense wherein the statutory maximum is 20 years or more, but less than 25 years is 32, unless the offense level otherwise applicable is greater.

5

reduction for acceptance of responsibility, Leano should receive a one point reduction in his base offense for global disposition, resulting in a total offense level of 28. The range of imprisonment for a base level of 28 and criminal history level VI was 140 to 175 months. (*Id.* at 19).

After consideration fo all the factors listed in 18 U.S.C. 3553(a), the Court sentenced Petitioner below the advisory guideline range. Leano was sentenced to 108 months incarceration and three years supervised release. (Apr. 21, 2006 Tr. at 30.)

**Overview of Leano's Petition**

In his petition, Leano asserts two grounds in support of his motion. First, he claims that counsel was ineffective by not thoroughly reviewing the PSR before the sentencing hearing. More particularly, he alleges that counsel (a) mislead him by advising that a conviction in a New York police record for possession was a controlled substance offense under § 4B1.1 of the Guidelines and (b) failed to object to the use of a "police record from the PSR to enhance [his] sentence by agreeing with the probation department that the simple possession was a controlled substance offense. He claims prejudice in that as a result the proper guideline range was not used at sentencing. (Petition at 5-A.) Second, Leano asserts that his procedural due process rights were violated by relying on inaccurate information during sentencing, to wit: a police record from his prior arrest history was used to "enhance" a prior conviction for possession into one for distribution. (Petition at 6-A.) Additionally, Leano asserts that to the extent that computer generated records indicate he pled guilty in 2000 to possession in the fifth degree "subsection 1", which includes intent to distribute, the records are inaccurate citing *United States v. Green*, 400 F.3d 627, 634 (2d Cir. 2007).

6

**Discussion**

I.  **Petitioner Waived the Right to Challenge His Sentence**

It is well settled that "[i]n no circumstance . . . may a defendant, who has secured the benefit of a plea agreement and knowingly waived the right to appeal a certain sentence then appeal the merits of the sentence conforming to the agreement." *United States v. Salcido-Contreras,* 990 F.2d 51, 53 (2d Cir. 1993). Similarly, a defendant who has secured the benefit of a plea agreement and knowingly waived the right to collaterally attack a certain sentence may not then collaterally attack the sentence conforming to the agreement. *Garcia-Santos v. United States,* 273 F.3d 506 (2d Cir. 2001). *See also United States v. Haynes,* 412 F.3d 37 (2d Cir. 2005); *United States v. Morgan,* 406 F.3d 135 (2005); *United States v. Monzon,* 359 F.3d 110 (2d Cir. 2004); *United States v. Yemitan,* 70 F.3d 746, 747-48 (2d Cir. 1995). The Second Circuit has held, however, that "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which a waiver has been procured, here, the plea agreement." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). The waiver is unenforceable only if the defendant has a "meritorious" claim that "the waiver was the result of ineffective assistance of counsel." *Monzon*, 359 F.3d at 118-19; *accord, e.g.*, *Brown v. United States,* 637 F. Supp. 2d 212, 217 (S.D.N.Y. 2009); *Deloir v. United States*, 2009 WL 1883263, at *2 (S.D.N.Y. June 30, 2009): *Marulanda v. United States*, 2009 WL 1546315, at *2 (E.D.N.Y. June 2, 2009); *Reyes v. United States*, 2009 WL 928284, at *2 (S.D.N.Y. Mar. 27, 2009) ("A defendant's waiver of his right to bring a petition pursuant to Section 2255 is unenforceable where defendant was denied effective assistance of counsel in connection with the negotiation and execution of the agreement containing the waiver."); *Concepcion-Baez v. United*

*States*, 2009 WL 765045, at *1 (E.D.N.Y. Mar. 23, 2009); *Antonucci v. United States*, 2009 WL 185996, at *3; *Fuller v. United States*, 2008 WL 4614998, at *1 (E.D.N.Y. Oct. 15, 2008).

"[W]ith respect to claims of ineffective assistance of counsel that are limited to post-plea events (e.g., sentencing), however, the waiver remains enforceable." *Marulanda v. United States*, 2009 WL 1546315, at *2; accord, *Garcia-Santos*, 273 F.3d at 508-09; *Ceballos v. United States*, 2010 WL 3189907, at * 2 (E.D.N.Y. Aug. 9, 2010); *Concepcion-Baez*, 2009 WL 765045 at *1 ("a valid waiver will be upheld against a challenge to the correctness of a sentence."); *Castellanos v. United States*, 2008 WL 4548916, at *3, 5 (S.D.N.Y. Oct. 8, 2008); *Wall v. United States*, 2008 WL 3049948, at *1 (N.D.N.Y. Aug. 1, 2008) (" '[C]laims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver because ... [they] relate[ ] only to the performance of defendant's attorney with respect to sentencing and [do] not go to the validity of the plea agreement itself.' ") (citation omitted) (alterations in original).

Here, as set forth above, Leano received specific notice of his waiver of the right to appeal and the effect of his waiver on his right to file a § 2255 motion. He knowingly and voluntarily waived his right to appeal or challenge his sentence. As Petitioner claims that his counsel's ineffectiveness affected the proper adjudication of the sentencing in this case, i.e. post-plea events, the claim is barred by his plea agreement to waive collateral attack of a sentence of 210 months or below.

## II. The Ineffective Assistance Claim Is Without Merit.

Even if Leano had not waived his claim of ineffective assistance of counsel, the Court finds it to be without merit. Claims of ineffective assistance of counsel arising out of the

8

sentencing process are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that to prevail on an ineffective assistance of counsel claim, a petitioner must establish (1) that his counsel performed deficiently, and (2) that the deficiency caused actual prejudice. *Id.* at 687. *See also Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id*. at 690, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham*, 313 F.3d at 730. In a sentencing context, an ineffective assistance claim requires a "demonstrat[ion] that the alleged errors of his counsel so prejudiced him that but for these errors, the result of his sentencing hearing would have been different." *United States v. Robinson*, 2009 WL 4249851, at *1 (2d Cir. Nov. 30, 2009). Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because "'[i]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.'" *Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

      Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically in *Strickland* noted that the federal district courts need not address both components if a petitioner fails to establish either one. The relevant excerpt from that

9

decision reads:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

466 U.S. at 697.

Leano's assertion, that his counsel was ineffective for agreeing that he was a career offender because his 2000 conviction was purportedly for simple possession and police records were improperly used to enhance his conviction into one for distribution, lacks support. First, the PSR in reference to the 2000 conviction lists it a "criminal possession of a controlled sentence (with intent to sell) 5th Degree." The PSR then goes on to discuss that police records reflect that Leano was observed selling crack cocaine. However, immediately following the reference to the police records, the PSR states "As verified by the Supreme Court in New York on July 10, 2000 the defendant was convicted of the above-noted offense, a Class "D" felony and on July 25, 2005, he was sentenced to a term of imprisonment of between 2 to 4 years." PSR ¶ 76. *Cf. Shephard v. United States*, 544 U.S. 13, 26 (2005) (in inquiring into the nature of the offense of conviction, the district court "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, *or some comparable judicial record of*

10

*this information*) (emphasis added); *United States v. Green*, 480 F.3d 627, 632-33 (2d Cir. 2007) (New York certificate of disposition "is a judicial record of the offense of a defendant has been convicted" and "the type of record that the *Shephard* Court indicated a federal district court may consider in an effort to determine the nature of the New York offense to which a federal defendant has previously pleaded guilty."). Indeed, the government, in opposition to the instant petition, has submitted Leano's criminal history which details that Leano pled guilty to and was convicted of Criminal Possession of a Controlled Substance in the Fifth Degree pursuant to N.Y. Penal Law § 220.06(1). (Ex. 6 to Docket No. 6.) That section provides that "[a] person is guilty of criminal possession of a controlled substance in the fifth degree when he knowingly and unlawfully possesses: (1) a controlled substance with the intent to sell it . . . ." N.Y. Penal Law § 220.06(1). Thus Leano's counsel appropriately believed, as he asserts in his affidavit, that Leano's 2000 conviction was a distribution offense.

Relying upon *United States v. Green*, 480 F.3d 627, Leano asserts that his record erroneously reflects that he pled guilty to subdivision (1) of N.Y. Penal Law § 220.06. In *Green*, the district court had relied upon a certificate of disposition which indicated that Green's 1996 conviction was for attempted possession of a controlled substance with intent to distribute by virtue of its notation "PL 110-220.16.01." The Second Circuit held that the certificate could be considered and while it was presumptive evidence, the certificate was not conclusive and further inquiry into its accuracy was warranted. 480 F.3d at 634. The Second Circuit referenced the case of *People v. Jamal Green*, 31 A.D.3d 578 (2d Dept. 2006), *decision on remand*, 13 Misc. 3d 1242(A), 2006 WL 3457236 (Sup. Ct. Queens Co. Nov. 29, 2006). 480 F.3d at 634-35.

In *Jamal Green*, the defendant has been sentenced as a second violent felony

11

offender because of an earlier conviction of New York Penal Law § 262.02. Jamal Green's certificate of disposition indicated that he had been convicted of subdivision 1 of § 262.02, which was classified as a violent felony whereas Jamal Green contended he was convicted of subdivision 4, which was not defined as a violent felony. A hearing was held at which the person responsible for data entry in the Clerk's Office of the Supreme Court for Queens County gave the following testimony, as described by the court:

> Court Clerk Prinz offered an explanation as to the reason why defendant obtained a Certificate of Disposition specifying subsection one. Ms. Prinz testified that prior to the 1990's, voted indictments such as the one in this case, did not, as a rule, provide a subsection. Therefore, when indictments were filed, data entry clerks were unable to enter subsections into computer files. If a defendant pled guilty or was convicted by a jury, the subsection was not entered in the computer records and as a result subsections were not indicated in a defendant's NYSID records. Ms. Prinz also testified that certificates of convictions are presently computer generated. *As the current law requires that a subsection be assigned in the records of pertinent crimes, the computers have been programmed to indicate subsection one or "01" as the default subsection without regard to what the proper subsection should be.*
> *Thus, in this case, the witness testified that no subsection was ever entered into the computer at the time defendant pled guilty to Criminal Possession of a Weapon in the Third Degree on October 18, 1989. When defendant requested a certificate of disposition in June, 2005, the certificate of disposition automatically assigned subsection one, by default, without any person ever checking to determine if this was the correct subsection.*

*Jamal Green*, 13 Misc.3d 1242(A), 2006 WL 3457236, at *4 (emphases added).

The Second Circuit in *Green* held that since there was no testimony as to how Green's certificate of disposition was prepared and the parties disputed its accuracy "if the default mode at any of those stages -recording, inputting, or accessing - is the insertion of a

12

reference to subsection (1) of the section at issue, as was described by the witness in *Jamal Green*, then the reference to subsection (1) of § 220.16 in the present case could not properly be taken at face value." 480 F.3d at 635. Accordingly, it concluded a remand was appropriate. *Id*.

Leano, relying upon *Jamal Green* and *Green*, contends that he was not convicted of subdivision (1) of N.Y. Penal Law § 220.06 but rather some other unspecified subdivision. His reliance on these cases is unavailing. First, the testimony in *Jamal Green* related to events "prior to the 1990's." Leano's conviction was in 2000. That subdivision (1) was not assigned as a default in this case is confirmed by Leano's criminal history report. According to that report, Leano was arraigned on March 31, 200 on the following charges:

" -  -   Criminal Sale Controlled Substance -3rd:Narcotic Drug
          PL 220.39 Sub 01      Counts :2 . . .
  -  -   Criminal Possession Controlled Substance/Narcotic
          PL 220.16 Sub 12 . . .
  -  -   Criminal Possession Contr Sub-3rd:Narc. Drug Intent to Sell
          PL 220.16 Sub 01      Counts :2 . . ."

With respect to those charge, the report states "Convicted Upon Plea of Guilty July 10, 2000 Criminal Possession controlled Substance-5th:Intent to Sell PL220.06 . . . ." Obviously, the report's reference to "PL 220.16 Sub. 12" negates any inference that subsection 1 was assigned by default. Finally, Leano, offers no evidence that his plea was not to subdivision (1) of Penal Law § 220.06. Finally, and most importantly, given that both *Jamal Green* and *Green*, were decided after Leano's sentencing, to wit, November 26, 2006 and March 13, 2007 respectively, Leano's counsel's performance cannot be said to fall below "an objective standard of reasonableness under the prevailing professional norms" for failing to question the accuracy of Leano's judicial records.

## Conclusion

Petitioner's § 2255 motion is denied. Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied as Petitioner had not made a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322(2003); *Luciadore v. New York State Div. of Parole* 209 F.3d 107, 112 (2d Cir 2000).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      August 31, 2010

/s
Denis R. Hurley
Senior District Judge